# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor<br>United States Department of Labor<br>(Wage and Hour Division), | * <br> * <br> * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:16-cv-00782-PX |
| VERA'S WHITE SANDS BEACH<br>CLUB, LLC, *et al.*, | * <br> * | |
| Defendants. | * <br> ***** | |

## MEMORANDUM OPINION

Pending before the Court are two competing motions—Defendant Steven Stanley's motion to vacate entry of default and Plaintiff R. Alexander Acosta,[1] Secretary of Labor, United States Department of Labor ("Secretary")'s motion for default judgment against Stanley and Vera's White Sands Beach Club, LLC ("Vera's"). ECF Nos. 69, 72. The issues have been fully briefed, and a recorded call was held on April 11, 2019. For the following reasons, Stanley's motion to vacate order of default is GRANTED and the Secretary's motion for entry of default judgment is GRANTED as to Vera's and DENIED as MOOT as to Stanley.

### I. BACKGROUND

### A. Factual Background[2]

Steven Stanley is part-owner of Vera's, a full-service restaurant and night club located in

---

[1] R. Alexander Acosta, current Secretary of Labor, was substituted for the former Secretary, Thomas Perez, as Plaintiff in this case. ECF No. 42.

[2] The Court accepts as true the facts alleged in the Amended Complaint. ECF No. 37.

the State of Maryland. ECF No. 37 ¶ II. Stanley, together with the restaurant's manager, Casey St. John, have hired and directed the work of employees, and determined their rates of pay. *Id.* ¶¶ III, IV. Between September 15, 2013 and October 25, 2015, Vera's paid its cooks a single hourly wage and did not pay overtime rates for hours worked in excess of forty hours per week. *Id.* ¶ VII(1). In addition, Defendants classified Michael Maguire, an employee who primarily cooked and cleaned, as exempt from wage and hour requirements. *Id.* ¶ VII(2). Defendants paid Maguire a salary of $400 per week with no overtime. *Id.* The restaurant also paid manager/bartender Dustin Crigger a daily rate of $125.00, which resulted in a weekly salary of $375.00 on weeks when Mr. Crigger worked for three days only. *Id.* ¶ VIII(4).

During the same period, the restaurant required tipped employees to tip out ten percent of their food sales to cooks, who were non-tipped employees. *Id.* ¶ VIII. Defendants also deducted five dollars each day from each bartender, which Defendants used to tip out non-tipped staff such as "expo persons/runners." *Id.* ¶ VIII(3). Defendants did not pay the tipped staff the regular minimum wage of $7.25 per hour and did not pay cash wages to bartenders and servers when their credit card tips added up to $8.50 per hour. *Id.* ¶ VIII(5). Additionally, the restaurant regularly failed to pay out tips earned by servers and bartenders, *id.* ¶ VIII(2), and failed to make, keep, or preserve adequate records of employee wages, hours, and employment conditions. *Id* ¶ IX. Defendants, more particularly, did not make or maintain any records of the hours worked by Maguire and Crigger. *Id*. ¶ VIII(4).

**B. Procedural Background**

On March 16, 2016, the Secretary of Labor brought this action against Defendants Vera's and Casey St. John, the restaurant manager. ECF No. 1. The Secretary sought to enjoin the restaurant and its manager from violating Sections 6, 7 and 11 of the Fair Labor Standards Act of

1938, as amended, ("Act" or "FLSA"), and for judgment against Defendants for $85,437.71 in back wage compensation and $85,437.71 in liquidated damages. 29 U.S.C. § 201, *et seq.*; ECF No. 1 ¶ XI.

On May 17, 2017, the Secretary amended the Complaint to add Stanley, the restaurant's partial owner, as a Defendant. ECF No. 37 ¶ III. Vera's and Stanley jointly answered the amended Complaint. ECF No. 48. St. John, who was represented by separate counsel, did not join in the answer. On October 30, 2017, Vera's and Stanley filed a motion to withdraw their answer. ECF No. 54. Counsel for Vera's and Stanley also filed a separate motion to withdraw as counsel. ECF No. 53. Vera's and Stanley instructed their counsel to file both motions because they no longer wished to defend this action due to the cost and "so that Plaintiff can seek a default judgment." ECF No. 54 ¶ 5. On November 20, 2017, the Court granted the motions to withdraw counsel and the answer. ECF No. 62. On January 4, 2018, the Court entered a Consent Judgment against Casey St. John in the amount of $10,000.00, and St. John was subsequently terminated as an individual defendant. ECF No. 65.

Nearly eight months later, Vera's and Stanley having failed to answer, the Secretary moved for Clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 66. The Clerk of the Court entered default as to both Defendants on July 25, 2018. ECF No. 68. Two months later, Stanley, having retained new counsel, moved to vacate the Clerk's entry of default. ECF No. 69. The Secretary had not yet moved for default judgment against Vera's and Stanley; it did so about a month after Stanley's motion, which Stanley opposed. ECF Nos. 72, 74. The Court addresses each motion in turn.

3

## II. DISCUSSION

### A. Motion to Vacate Clerk's Entry of Default

Stanley moves to vacate the entry of default, contending that at the time he agreed to withdraw his answer and allow default judgment to be entered, he did not appreciate that he could be held personally liable for the losses in this case. ECF No. 69. Stanley further confirmed, during the Court's recorded teleconference, that he moves to set aside default judgment solely to challenge whether he meets the definition of "employer" under the FLSA, a position consistent with Stanley's assertion that he did not appreciate the implications of default judgment.[3]

Pursuant to Federal Rule of Civil Procedure 55(c), a court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The United States Court of Appeals for the Fourth Circuit has announced a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). Therefore, a motion to vacate default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.* The moving party "should proffer evidence that would permit a finding for the defaulting party." *Russell v. Krowne*, DKC–08–2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013).

When considering whether to set aside an entry of default, the Court weighs six factors: (1) whether the movant has a meritorious defense, (2) whether the movant acted with reasonable promptness, (3) whether the movant bears personal responsibility for the entry of default, (4) any

---

[3] Vera's does not move to set aside the entry of default against it.

prejudice to the non-moving party, (5) any history of dilatory action, and (6) the availability of lesser sanctions short of default judgment. *See Colleton v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)*; see also Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006). The Court considers each factor as pertinent to Stanley's motion.

First, Stanley has demonstrated the possibility of a meritorious defense. A defense is meritorious when the defendant makes a factual showing that "would permit a finding for the defaulting party." *Russell*, 2013 WL 66620 at *2. A movant's burden for proffering a meritorious defense is not onerous; all that is necessary "'is to allege sufficient facts that, if true, would constitute a defense.'" *Id.* (quoting *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010)); *see also Augusta Fiberglass Coatings, Inc., v. Fodor Contracting*, 843 F.2d 808, 812 (4th Cir. 1988) (considering "'whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default'") (quoting 10 C. Wright, A. Miller & M. Kane, Fed. Prac. & Proc. § 2697, at 531 (2d ed.1983)).

Stanley intends to defend this action solely on the grounds that he was not an employer subject to personal liability under the FLSA. In determining whether an individual defendant is an employer, courts look "at the 'economic reality' of an individual's status in the workplace." *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 890 (D. Md. 2011) (quoting *Schultz v. Capital Int'l Sec.*, 466 F.3d 298, 304 (4th Cir. 2006)). Factors include "the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." *Gionfriddo*, 769 F. Supp. 2d at 890.

Stanley avers, by affidavit, that he "had no role in the management of the restaurant." ECF Nos. 69 ¶ 2, 69-1. Instead, contends Stanley, Defendant St. John was responsible for "[a]ll

5

restaurant management duties." ECF Nos. 69 ¶ 3, 69-1. Although stated in general terms, this factual proffer is sufficient to demonstrate Stanley's potential success at trial. *See United Sheet Metal, Inc., v. Federal Ins.*, PWG–13–3791, 2014 WL 1761122, at *2 (D. Md. Apr. 29, 2014) (finding that while the defendant's affidavit was not detailed, it was "more than a 'bald allegation'; it [was] evidentiary proof") (quoting *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 684–85 (N.D. Iowa 1995)); *Caseres v. S&R Mgmt.*, 2012 WL 5250561, at *5 (D. Md. Oct. 24, 2012) (granting judgment as a matter of law to company owner who did not control employee's work schedule or employment conditions). Thus, the first factor cuts in favor of Stanley's motion.

Next, as to whether Stanley acted with reasonable promptness, only two months passed between the Court's granting of default and Stanley's motion to vacate. *See Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). The Secretary, by contrast, waited eight months after Stanley and Vera's withdrew their answers to move for Clerk's entry of default pursuant to Rule 55(a). The Secretary then waited three more months after the Clerk's entry of default, and one month after Stanley sought vacatur of the Clerk's entry of default, to move for default judgment pursuant to Rule 55(b). Indeed, this litigation has been pending for over three years. *Cf. Sherwin-Williams Co. v. Coach Works Auto Collision Repair Ctr. Inc.*, No. WMN-07-2918, 2012 WL 2343235, at *3 (D. Md. June 19, 2012) ("[A]s this case has already been pending nearly five years, a delay of another few months will do little harm . . . ."). In this context, the length of the delay points towards vacating the entry of default.

Third, the prejudice to the Secretary is relatively minimal. To be sure, the public is served by ensuring that "people who earn overtime wages are paid fairly and paid promptly."

6

*Mitchell v. Riverside Pub & Grille*, 2017 WL 2973943, at *2 (D. Md. July 12, 2017). However, such interests have been protected through the Secretary securing a consent judgment from St. John for $10,000, and default judgment against Vera's for the entirety of the damages. Accordingly, the prejudice inured to the Secretary from the delay does not outweigh the overriding interests in resolution of this matter on the merits as to Stanley.[4]

As to the fourth factor, it is undisputed that Stanley, through counsel, intentionally allowed default to be entered. *See Mezu v. Morgan State Univ.*, No. 09–2855, 2010 WL 1068063, at *6 (D. Md. Mar. 18, 2010). Stanley has been aware of this action since summer 2017, had initially answered the Amended Complaint (ECF No. 48), and then withdrew his answer specifically "so that Plaintiff can seek a default judgment." ECF No. 54 ¶ 5. That said, the Court recognizes that at the time of withdrawal Stanley had been represented by the same counsel that also represented Vera's. Because the Court cannot conclude that Stanley was indeed aware that acceding to counsel's advice would render him personally liable for the totality of the damages, the Court cannot ascribe to Stanley responsibility for this delay when it may, in fact, lie with prior counsel. *United States v. $12,914.00 in U.S. Currency*, 828 F. Supp. 2d 822, 825 (D. Md. 2011) ("Justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney . . . .") (quoting *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982)) (internal marks omitted). This factor does not compel the Court to deny Stanley's motion.

Next, the Court cannot find on this record that Stanley engaged in dilatory behavior. Although the Secretary noted that Stanley did not diligently pursue discovery, the docket in this

---

[4] The Court notes that because Stanley's defense focuses solely on whether he meets the statutory definition of "employer" under the FLSA, not whether the employment practices violated the FLSA, allowing Stanley to proceed would not risk inconsistent judgments.

7

matter reflects extensions of the discovery schedule obtained either with all parties consenting, or at the request of a party other than Stanley. ECF Nos. 18, 21, 24, 44, 49. Stanley and Vera's counsel requested on three separate occasions to shorten various briefing schedules. ECF Nos. 50, 55, 57.

Finally, sanctions short of final judgment against Stanley are available here, to include monetary sanctions for the costs of litigating the entry and setting aside of the default order. *See Trs. of Sheet Metal Workers' Local Union No. 5 & Iron Workers Emp'rs Ass'n, Emp. Pension Tr. v. R. Stoddard, LLC*, No. GJH-17-3286, 2019 WL 1128518, at *2 (D. Md. Mar. 8, 2019) ("It is an appropriate lesser sanction to award attorneys' fees when a party defaults."). The Court recognizes that Stanley, through prior counsel, withdrew his answer and invited the Secretary to seek default judgment. His about-face has augmented the cost of litigation, which may be appropriately remedied by this Court short of default judgment. This factor too, counsels in favor of granting Stanley's motion to vacate.

In sum, given the "strong preference" that cases be decided on the merits, *Hoover*, 616 F.3d at 417, Stanley has demonstrated sufficient good cause under Rule 55(c) to set aside the entry of default. The motion to vacate entry of default is therefore granted.[5]

**B. Default Judgment**

    **i. Standard of Review**

The Court considers next the Secretary's motion for default judgment. ECF No. 72. Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

---

[5] Because Stanley's default has been set aside, the Secretary's motion for default judgment is denied as moot as to Stanley. *See Wilson v. Turner*, No. ELH-13-3497, 2014 WL 4426126, at *1 (D. Md. Sept. 2, 2014) (describing the two-step process under Federal Rule of Civil Procedure 55, whereby default judgment cannot be granted unless the clerk has entered default).

affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Plaintiff, however, is not automatically entitled to default judgment simply because the defendant has not responded. Whether to enter default judgment is left to the sound discretion of the court. *See, e.g.*, *Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, DKC-11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels Int'l, Inc. v. Austin Area Hospitality, Inc.*, TDC-15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015). Although the Fourth Circuit has announced a "strong policy" in favor of deciding cases on the merits, *Schaffer*, 11 F.3d at 453, default judgment may be appropriate when a party is unresponsive. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

When determining liability, the court takes as true all well-pleaded facts in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The court applies the pleading standards announced in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), in the context of default judgments. *See, e.g., Balt. Line Handling Co. v. Brophy,* 771 F. Supp. 2d 531, 544 (D. Md. 2011). A complaint that avers bare legal conclusions or "naked assertions devoid of further factual enhancement" is insufficient to award default judgment. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal marks omitted); *see also Balt. Line Handling Co.,* 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

If the complaint avers sufficient facts from which the court may find liability, the court

next turns to damages. *See Ryan,* 253 F.3d at 780–81. Damages are circumscribed by that which is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages request must be supported by evidence introduced either at a hearing or by affidavit or other records. *See* Fed. R. Civ. P. 54(c).

### ii. Liability

#### a. Minimum Wage Violations

The FLSA requires employers to pay the statutory minimum wage of $7.25 per hour. 29 U.S.C. § 206(a). However, under 29 U.S.C. § 203(m)(2), an employer may pay less than the minimum wage to employees who receive tips by way of a tip credit exception. *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 680 (D. Md. 2012). The tip credit exception "allows employers to credit employee's tips against the minimum wage obligation," as long as the combination of an employee's direct wages and tips equals the statutory minimum wage of $7.25 per hour. *Gionfriddo*, 769 F. Supp. 2d at 893 ("'Tipped employees' . . . are required to receive at least the minimum wage, but their employers are permitted to pay a direct wage of $2.13 per hour and then take a 'tip credit' to meet the $7.25 per hour minimum wage requirement.") (quoting 29 U.S.C. § 203(m), (t)).

An employer may benefit from a tip credit only if (1) the "employee has been informed by the employer of the provisions of this subsection," and (2) "all tips received by such employee have been retained by the employee." 29 U.S.C. § 203(m); *Dorsey*, 888 F. Supp. 2d at 680–81. Employers must strictly adhere to these requirements, even when an employee receives sufficient tips to satisfy the minimum wage requirement. *Dorsey*, 888 F. Supp. 2d at 681. Additionally, employees may share their tips through a tip pool provided that *only* tipped

employees participate in the pool. 29 C.F.R. § 531.54; 29 U.S.C. § 203(m)(2).

Taking Plaintiff's well-pleaded facts as true, the Secretary has established that Vera's cannot take advantage of tip credits under § 203(m) for several reasons. First, Vera's regularly required tipped staff to tip out non-tipped staff, such as cooks and "expo persons/runners." ECF No. 37 ¶ VIII(1), (3). Accordingly, where "tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid and the employer is not permitted to take a 'tip credit.'" *Gionfriddo*, 769 F. Supp. 2d at 893 (quoting *Wajcman v. Inv. Corp. of Palm Beach*, 620 F. Supp. 2d 1353, 1356 n.3 (S. D. Fla. 2009)) (internal quotation marks omitted); *see also Mould v. NJG Food Service Inc.*, JKB–13–1305, 2014 WL 2768635, at *4 (D. Md. June 13, 2014) ("[W]here a tip-pooling agreement does not satisfy [§ 203(m)] requirements, employees' wages (excluding tips) must be at least minimum wage.").

Second, Vera's failed allow the servers and bartenders to retain the tips that they had earned during the week. ECF No. 37 ¶ VIII(2); *see also Dorsey*, 888 F. Supp. 2d at 681 ("'[T]o utilize the tip credit, during the relevant time frame the employer was required to . . . allow the employee to retain all tips he or she received.'") (quoting *Arencibia v. 2401 Rest. Corp.*, 831 F. Supp. 2d 164, 175 (D. D.C. 2011)). Third, Vera's failed to pay any direct wages to servers and bartenders whose credit card tips totaled $8.50 per hour. ECF No. 37 ¶ VIII(5). However, an employee cannot be paid solely in tips. *Mould*, 2014 WL 2768635, at *4. Based on this evidence, Vera's could not use the tip credit exception to escape paying the federal minimum wage. *Id.*

Third, Vera's failed to pay a bartender/manager, Crigger, the federal minimum salary of $455.00 per week. ECF No. 37 ¶ VIII(4). "To qualify as an exempt executive, administrative or

11

professional employee under section 13(a)(1) of the Act, an employee must be compensated on a salary basis at a rate of not less than $455 per week . . . .". 29 C.F.R. § 541.600(a).[6] Crigger, therefore, cannot be considered exempt.

At bottom, the facts averred demonstrate that Vera's failed to pay tipped staff a federal minimum wage of $7.25 per hour and failed to pay salaried employees a minimum of $455.00 per week. Thus, Vera's is liable to its employees for back wages. *See* ECF No. 78-1 ¶ 7.n.

### b. Overtime Violations

Pursuant to 29 U.S.C. § 207(a)(1), the FLSA requires employers to pay a rate at least "one and one-half times the regular rate" for hours worked in excess of forty hours per week. *McFeeley v. Jackson St. Entm't*, 47 F. Supp. 3d 260, 275 (D. Md. 2014). Vera's violated § 207 because it failed to pay its employees overtime pay for hours worked in excess of forty hours per week. ECF No. 37 ¶ VII. During the relevant time period, Vera's paid the cooks "on a straight time basis for all hours worked, including those hours worked in excess of forty (40) in a workweek," and did not compensate these employees at one and-a-half times the regular rate. *Id*. ¶ VII(1). Additionally, Vera's classified a cook, Maguire, as exempt from overtime but did not compensate him sufficiently to trigger the exemption. *See* ECF No. 37 ¶ VII(2); *Calderon v. GEICO Gen. Ins. Co.*, 8-9 F.3d 111, 121 (4th Cir. 2015) (holding that an employee is exempt from overtime requirements when the employee is compensated at a rate at or above $455 per week) (citing 29 C.F.R. § 541.200(a)); *Lovo*, 2018 WL 3956688, at *7. Because Vera's misclassified Maguire, Vera's failure to pay overtime to Maguire violated § 207.

---

[6] "Although the U.S. Department of Labor amended this regulation to increase the requisite salary level, the U.S. District Court for the Eastern District of Texas enjoined the amended regulation nationwide. Thus, $455 per week is the applicable salary test." *Lovo v. Am. Sugar Refining, Inc.*, No. RDB-17-418, 2018 WL 3956688, at *7 n.7 (D. Md. Aug. 17, 2018) (internal citation omitted) (citing *Nevada v. U.S. Dep't of Labor*, 218 F. Supp. 3d 520 (E.D. Tex. 2016)).

Based on this evidence, this Court finds that Vera's was required to pay overtime to those employees who worked more than forty hours per week and failed do so in violation of § 207. *See* ECF No. 78-1 ¶ 7.q.

### c. Recordkeeping Violations

Under the FLSA, "[e]very employer . . . shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time . . . ." 29 U.S.C. § 211(c); 29 U.S.C. § 215(a)(5) (making it unlawful to violate § 211(c)); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("[I]t is the employer who has the duty . . . to keep proper records of wages, hours and other conditions and practices of employment . . . ."). If an employer fails to comply with § 211(c)'s recordkeeping requirements, the Secretary may seek injunctive relief to include restraining future violations of recordkeeping requirements. 29 U.S.C. § 217; *Chao v. Self Pride, Inc.*, No. RDB 03-3409, 2006 WL 469954, at *11 (D. Md. Jan. 17, 2006).

Taking the well-pleaded facts in the amended complaint as true, Plaintiff has established that Vera's did not maintain employment records for two employees, Crigger and Maguire. ECF No. 37 ¶ IX; *see also U.S. Dept. of Labor v. Fire & Safety Investigation Consulting Serv. LLC*, 915 F.3d 277, 287 (4th Cir. 2019) (finding that an employer's failure to keep records of the daily hours worked by each employee constituted a violation of FLSA's "stringent recordkeeping requirements"). Based on this evidence, Vera's is liable for violations of §§ 211(c) and 215(a)(5).

### iii. Relief

#### a. Back Wage Compensation and Liquidated Damages

Where an employer fails to pay an employee minimum wages or overtime compensation, the FLSA authorizes the employee to recover back wages and an equal amount of liquidated damages. 29 U.S.C. § 216(b); *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011). Although damages may be proven through employment records, affidavits, and other documentary evidence, *Vanegas v. Diaz Granados, Inc.*, No. PWG-15-2298, 2017 WL 345855, at *3 (D. Md. Jan. 24, 2017), plaintiff's testimony regarding approximated claims may also suffice. *Lopez v. Lawns R Us*, No. DKC-7-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008); *see also Guerra v. Teixeira*, TDC-16-0618, 2019 WL 330871, at *13 (D. Md. Jan. 25, 2019) ("[I]f an employer does not keep records . . . 'an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'") (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

The Secretary has submitted the affidavit of Chris Silva, Assistant District Director at the United States Department of Labor, whose review of Vera's payroll records supports $80,195.58 in back wages to 41 employees as a result of minimum wage violations. ECF No. 78-1 ¶ 7.n. To arrive at this figure, Silva calculated the hours that each employee had worked, multiplied those hours by their hourly rate, and subtracted any direct wages already received. *Id*. Silva also concluded that Defendants owed $5,242.13 in back wages to 26 employees for overtime compensation violations. *Id*. ¶ 7.q. Silva arrived at this figure by multiplying the employees' overtime hours worked by one and one-half times the regular rate and subtracting any straight

time compensation received by those employees. *Id*. Silva's total back wage compensation figure of $85,437.71 is well supported. The Secretary also requests liquidated damages in the same amount.

Under the FLSA, employers may be jointly and severally liable for violations of the Act. 29 C.F.R. § 791.2. However, the Secretary has already recovered from St. John in a separate consent judgment for back wages and liquidated damages in the amount of $10,000.00. ECF No. 65. Therefore, it is appropriate to limit the Secretary's recovery against Defendants to $160,875.42. ECF No. 78 at 1 (Secretary in agreement); *see also Clancy v. Skyline Grill, LLC*, No., 2012 WL 5409733, at *5 (D. Md. Nov. 5, 2012) ("It . . . goes without saying that the courts can and should preclude double recovery by an individual.") (quoting *Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 333 (1980)); *cf. Owens–Illinois, Inc. v. Armstrong*, 326 Md. 107, 126 (1992) ("The amount recoverable from the non-settling defendant when added to the amount recoverable from the settling defendant cannot exceed the plaintiff's verdict.). As a result, the Secretary is entitled to $160,875.42 in total damages, as reduced by the damages attributable to St. John.[7]

### b. Injunctive Relief

Pursuant to 29 U.S.C. § 217, the Secretary asks that Vera's and Vera's officers, agents, servants, employees, and those in active concert or participation with Vera's who receive actual notice of the judgment be permanently enjoined and restrained from violating 29 U.S.C. §§ 206, 207, 211(c), and 215(a)(5). ECF No. ¶ XII(1). Whether to issue an injunction under § 217 rests with the sound discretion of the court. *Marshall v. Gerwill, Inc.*, 495 F.Supp. 744, 756 (D. Md.

---

[7] The Court declines to award pre-judgment interest. *See Hamilton v. 1st Source Bank*, 895 F.2d 159, 166 (4th Cir. 1990) ("FLSA's liquidated damages were provided lieu of calculating the costs of delay—which is the function of prejudgment interest—and therefore . . . a claimant could not recover both prejudgment interest and liquidated damages.").

1980). "An injunction under § 217 is 'remedial in nature; *i.e.*, intended to prevent future violations; it is not imposed as punishment for past violations.'" *Id.* (quoting *Usery v. Johnson*, 436 F.Supp. 35, 45 (D.N.D. 1977)). Whether to issue an injunction depends upon "(1) the employer's previous conduct, (2) its current compliance (or noncompliance), and (3) the dependability of any assurances that it will comply with the FLSA in the future." *Chao*, 2006 WL 469954, at *11.

The Complaint demonstrates that Vera's engaged in ongoing and flagrant violations of the FLSA, including tip pool exemption abuses, misclassification of workers, and inadequate record keeping. Vera's failed to pay 41 employees the minimum wage owed and 26 employees overtime wages. Although the Secretary has not provided any information about Vera's current compliance or noncompliance, neither has Vera's assured the Court that it will comply with the FLSA in the future. Granting injunctive relief is therefore warranted.

### III. CONCLUSION

Defendant Steven Stanley's motion to vacate order of default is GRANTED. ECF No. 69. The Secretary's motion for default judgment is GRANTED as to Vera's and DENIED as moot as to Stanley. ECF No. 72. A separate Order follows.

| | |
|---|---|
| 4/22/2019 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |