IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARTIN J. WALSH, <br> Secretary of Labor <br> United States Department of Labor <br> (Wage and Hour Division) <br><br> Plaintiff, <br><br> v. <br><br> VERA'S WHITE SANDS BEACH <br> CLUB, LLC, et al., <br><br> Defendants. | * <br> * <br> * <br> * <br> *    Civil Action No. 8:16-cv-00782-PX <br> * <br> * <br> * <br> *** |

## MEMORANDUM OPINION

Pending in this wage and hour case is the motion for summary judgment brought by the Secretary for the United States Department of Labor ("Secretary") against Defendant Steven Stanley ("Stanley").[1] ECF No. 146. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Secretary's motion is DENIED.

**I.  Procedural Background**

Vera's White Sands Beach Club, LLC ("Vera's") is a waterfront restaurant located in White Sands, Maryland. ECF No. 147-1 at 18. In late 2015, the Secretary began investigating whether management at Vera's committed wage and hour violations between September 15, 2013 and October 25, 2015. ECF No. 148-2 at 2. At the time, Defendant Casey St. John ("St. John") was the general manager of Vera's. ECF No. 147-1 at 82. Stanley was an investor "in the [physical] marina property" on which Vera's sits as well as a "minority owner" of Vera's itself. ECF No. 158 at 2.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. Walsh, the current Secretary of Labor, was substituted for Milton Al Stewart as Plaintiff. *See* Fed. R. Civ. P. 25(d).

This matter has taken a torturous path for the last five years. Vera's, St. John, and Stanley were first accused in 2015 of paying their employees substandard hourly wages in violation of the FLSA. ECF No. 27 at 3. In an effort to settle the matter with Stanley short of filing suit, the Secretary requested that Stanley execute a tolling agreement. ECF No. 158 at 6. A tolling agreement permits parties to pause the statute of limitations from continuing to run. Stanley refused to sign the agreement.

In response, on March 16, 2016, the Secretary filed a Complaint against Vera's and St. John—but not Stanley. ECF No. 1. In it, the Secretary laid out in detail his theory of liability as to Vera's and St. John concerning alleged wage and hour violations that took place during the investigation period. *Id.* About a year later, the Secretary amended the Complaint. *See* ECF Nos. 27, 37. The only substantive change between the original and Amended Complaint was the addition of Stanley as an "employer" under the FLSA, thus subjecting Stanley to joint and several liability alongside Vera's and St. John. *Compare* ECF No. 1 *with* ECF No. 37. At the time, all Defendants, represented by one counsel, answered the Amended Complaint. ECF Nos. 38, 39, 46, 47, 48.

Shortly after, Stanley and Vera's moved to withdraw their Answers, terminate their counsel, and consent to a default judgment. ECF Nos. 53, 54. The Court granted the motions, ECF Nos. 61, 62, and the Clerk entered default against Stanley and Vera's pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 68. St. John, for her part, settled with the Secretary. She agreed to a consent judgment in the amount of $10,000.00 in exchange for dismissal of the claims against her. ECF Nos. 64, 65. As to Vera's, the Court entered default judgment and, after a full review of the Secretary's supporting damages evidence, awarded $160,875.42, representing the back wages owed to 41 employees. ECF No. 79 at 14–15.

Stanley, however, reversed course.  He retained new counsel who moved to vacate the Clerk's entry of default.  ECF No. 69.  The Secretary responded by opposing the motion and moving for default judgment against Stanley.  ECF No. 72.  The Secretary pressed that because Stanley qualified as an "employer" under the FLSA, 29 U.S.C. § 2033(d), he was jointly and severally liable for the entirety of the damages awarded.  ECF No. 72.

On April 11, 2019, the Court convened a telephone conference as to both motions.  ECF No. 77.  At the conference, Stanley professed ignorance as to the effect of his default.  Specifically, he argued that he had failed to "appreciate that he could be held personally liable for the losses in this case."  ECF No. 79 at 4 (citing ECF No. 69).  Accordingly, Stanley urged the Court to vacate the default and allow him the opportunity defend on whether could be held liable as an "employer" under the FLSA.  ECF No. 79.

After considering the parties motions, the Court vacated the Clerk's entry of default as to Stanley and denied the Secretary's motion for entry of default judgment.  ECF Nos. 79, 80.  The parties then engaged in discovery on the sole question of whether Stanley is a joint employer under the FLSA.  The Secretary now moves for summary judgment in his favor as to Stanley, contending that no genuine dispute of material fact exists about whether Stanley is accountable under the FLSA.  ECF Nos. 146, 159.

**II.     Factual Background**

Although the parties do not dispute that Stanley maintained some interest in Vera's between 2013 and 2015, the nature and extent of that interest is hotly contested.  The Secretary contends that Stanley was the minority owner and day-to-day operator of Vera's.  ECF No. 146-2 at 12–13.  Stanley attests that he was merely a minority investor and bore no real responsibility for the restaurant's management.  ECF No. 158 at 2–4, 6–7.

As for the record evidence supporting Stanley's involvement, the Secretary relies almost exclusively on the testimony of St. John.  The Secretary, in particular, submits St. John's interrogatory answers in which she identifies Stanley as having hiring and firing authority over the hourly employees, approving overtime and tip practices, and making final decisions on employee compensation.  She also notes that Stanley was physically present at the restaurant "nearly daily" to direct operations.  *See* ECF No. 146-6 at 5–6.  However, no other evidence corroborates St. John's answers.  No documents reflect that Stanley in fact hired and fired employees.  Nor has the Secretary introduced sworn testimony of any other witness.

What is more, St. John, under oath, also contradicted her interrogatory answers in other sworn testimony.  Most obviously, St. John had also executed a sworn affidavit that undermines, almost completely, her interrogatory answers.  *See* ECF No. 147-1 at 82–103.  Although the Secretary now maintains that St. John testified consistently about Stanley's role at Vera's throughout discovery, the record demonstrates otherwise.  *See* ECF No. 111 at 2 (the Secretary highlighting that St. John's interrogatory answers contradict her sworn affidavit).  For example, St. John testified at her deposition that, contrary to her interrogatory answers, Stanley was uninterested in the innerworkings of restaurant management.  ECF No. 147-1 at 90.  St. John also agreed that Stanley was "rarely involved" in the hiring and firing of employees and did "not want to be bothered with employment-related issues."  ECF No. 147-1 at 92–93.  St. John also confirmed that she—not Stanley—set the "wages, wage rates and other pay terms" and handled payroll.  ECF No. 147-1 at 97.  And she clarified that she—not Stanley—was responsible for training employees and setting employees' hours.  ECF No. 147-1 at 98–99.
During the same deposition, St. John also explained that she and Stanley often discussed the "business" of the restaurant and made decisions together.  ECF No. 147-1 at 72–73.  On certain

4

matters, St. John said, she would make the final decision, but other issues, such as reprimanding employee misconduct, were left to Stanley.  ECF No. 147-1 at 69–73.

Stanley, for his part, maintains that he had no role in the day-to-day operations at Vera's.[2] Instead, he spent his work day running his own paving company.  ECF No. 158 at 2–3.  Although Stanley agrees that he talked with St. John regularly, he attests that they almost never discussed the "subject of employment by [Vera's]."  ECF No. 158 at 3.  Rather, the conversations were about other regulatory enforcement actions and lawsuits.  ECF No. 158 at 4–6.

### III.    Standard of Review

Summary judgment is appropriate when the Court, viewing the evidence in the light most favorable to the non-moving party, finds no genuine disputed issue of material fact, entitling the movant to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)).

Although a pro se litigant is "given some latitude," he may not avoid summary judgment by "relying on bald assertions and speculative arguments."  *Mansfield v. Kerry*, No. DKC 15-3693, 2016 WL 7383873, at *2 (D. Md. Dec. 21, 2016) (citing *Smith v. Vilsack*, 832 F. Supp. 2d

---

[2] Stanley, who proceeds pro se, has submitted a sworn declaration as his response to the Secretary's summary judgment motion.  ECF No. 158 at 9.  The Court considers the declaration as part of the record evidence. *See, e.g.*, *In re Howes*, 563 B.R. 794, 797 n.3 (D. Md. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989) (explaining that a court has an "obligation to construe liberally the pleadings of a pro se litigant").

573, 580 (D. Md. 2011)). "Rather, the evidence must be such that the jury reasonably could find for the nonmoving party." *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

## IV. Discussion

The Fair Labor Standards Act was created to protect individual workers from "the evil of overwork as well as underpay." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1032 (4th Cir. 2020) (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942)); *see also* 29 U.S.C. § 201 et seq. To achieve that end, the FLSA "requires covered employers to pay their employees both a minimum wage and overtime pay." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 761 (4th Cir. 2017); 29 U.S.C. §§ 206–07. The Act also requires the recordkeeping of information related to employee wages and hours. 29 U.S.C. § 211(c).

Of course, the FLSA covers the conduct of "employers" as defined by the statute. 29 U.S.C. § 203(d). Section 203(d) states, in pertinent part, that an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." To determine whether an individual qualifies as an employer under the FLSA,[3] the Court must consider "the economic reality" of the person's function and responsibilities in the workplace. *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016); *see also McFeeley v. Jackson St. Ent., LLC*, 47 F. Supp. 3d 260, 274 (D. Md. 2014), *aff'd*, 825 F.3d 235 (4th Cir. 2016); *Falaiye v. CCA Acad. Res., LLC*, No. PX 16-2887, 2017 WL 2537026, at *2 (D. Md. June 12, 2017). The Court considers such factors as whether the person (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and employment

---

[3] "[I]t is well settled that an *individual* may qualify as an employer and face liability under the FLSA." *McFeeley v. Jackson St. Ent., LLC*, 47 F. Supp. 3d 260, 274 (D. Md. 2014), *aff'd*, 825 F.3d 235 (4th Cir. 2016) (emphasis in original) (quoting *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 416 (D. Md. 2013)).

conditions; (3) determined the rate and method of payment; and (4) maintained employment records. *Kerr*, 824 F.3d at 83. Importantly, no one factor is dispositive nor are these considerations exhaustive. *See Alvarez-Soto v. B. Frank Joy, LLC*, 258 F. Supp. 3d 615, 630 (D. Md. 2017) (*citing Kerr*, 824 F.3d at 83).

When viewing the record most favorably to Stanley, whether he acted as an employer under the FLSA is simply incapable of resolution at summary judgment. For one, St. John has offered inherently contradictory testimony on practically every "economic reality" factor. Although she attests in her interrogatory answers that Stanley required her to seek his approval for "every new hire" and before "final decisions regarding firing personnel" could be made, she also testified to having often made such decisions on her own. *Compare* ECF No. 146-6 at 5 *with* ECF No. 147-1 at 32, 36–37, 94–95. Likewise, although St. John initially attested that Stanley determined compensation for employees and supervised conditions of employment, she swore to the contrary in her deposition. *Compare* ECF 146-6 at 5 *with* ECF No. 147-1 at 32, 43, 93–99. Thus, it will be up to the trier of fact to determine which version—if any—of St. John's testimony is worthy of believing.

Meanwhile, Stanley has generated additional evidence that undercuts the Secretary's position. Stanley attests, for example, that his paving company consumed all his time, leaving no opportunity to operate Vera's. ECF No. 158 at 2. Further, Stanley explains that as part owner of Vera's and its "landlord," he spoke with St. John frequently about lawsuits and other related matters. ECF No. 158 at 6. Lastly, Stanley insists that he "did not maintain the employment records" and "had nothing to do with employment matters," as corroborated by the Secretary's inability to generate a single document demonstrating otherwise. *See* ECF No. 158 at 7.

Where, as here, the evidence points in all directions and resolution will require the finder of fact to assess witness credibility, the Court cannot deprive the non-movant of his day in court. *See Hayes v. Hambruch*, 841 F. Supp. 706, 709 (D. Md. 1994), *aff'd*, 64 F.3d 657 (4th Cir. 1995) (citing *Bland v. Norfolk and S. R.R. Co.*, 406 F.2d 863, 866 (4th Cir. 1969)); *see also Balt. Neighborhoods, Inc. v. Sterling Homes Corp.*, No. B-96-915, 1999 WL 1068458, at *2 (D. Md. Mar. 25, 1999) (noting that district courts must exercise "caution in resolving motions for summary judgment").  Thus, summary judgment on whether Stanley qualifies as an employer under the FLSA is denied.

The Secretary alternatively seeks summary judgment in his favor on the timeliness of the Amended Complaint, evidently attempting to head off a possible statute of limitations defense. ECF No. 146-2 at 13–20.  The Court views this argument as premature.  Limitations is an affirmative defense for which Stanley bears the burden of proof.  *See, e.g.*, *Alcorn v. George Mason Mortgage, LLC*, No. RDB-15-2727, 2016 WL 3440261, at *3 (D. Md. June 23, 2016) (collecting cases that have identified "statute[s] of limitations as an affirmative defense . . . [rather than] an element of the plaintiff's claim"); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 (4th Cir. 2006).  Stanley has not cross-moved for summary judgment, nor does he maintain that the claims against him cannot proceed because they are time-barred.  In the event Stanley asserts the limitations defense at trial, the Secretary's arguments will be ripe for resolution.

## V. Conclusion

For the foregoing reasons, the Secretary's motion for summary judgment is DENIED. A separate Order follows.

9/14/2021                                                  /s/
Date                                                                           Paula Xinis
                                                                                   United States District Judge